J-S30006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERNEST H. PRIOVOLOS | |
| Appellant | No. 1122 EDA 2015 |

Appeal from the Judgment of Sentence February 2, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0002581-2014

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                 **FILED JUNE 01, 2016**

Appellant, Ernest H. Priovolos, appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas, following his bench trial convictions of accidents involving damage to attended vehicle or property and six summary traffic offenses.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

> WAS APPELLANT'S CONVICTION FOR LEAVING THE SCENE
> OF AN ACCIDENT TO AN ATTENDED VEHICLE AGAINST

---

[1] 75 Pa.C.S.A. §§ 3743(a), 3714(a), 3736(a), 3717(a), 3323(b), 3323(b), and 3744(a), respectively.

THE WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL DUE TO APPELLANT'S COGNITIVE IMPAIRMENT OF POST-CONCUSSION [SYNDROME], MILD NEURO-COGNITIVE BRAIN DISORDER DUE TO TRAUMATIC BRAIN INJURY, POST-TRAUMATIC STRESS DISORDER DUE TO THE ACCIDENT AND RELATED EVIDENCE REVEALED THAT [APPELLANT] DID NOT KNOW OR SHOULD HAVE KNOWN THAT HE VIOLATED THE VEHICLE CODE?

(Appellant's Brief at 4).

Our standard of review for a challenge to the weight of the evidence is as follows:

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jeffrey L. Finley, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed September 22, 2015, at 6-9) (finding: court

- 2 -

considered testimony of victims and police officers, who testified consistently to events which occurred on night in question; both victims testified that Appellant rear-ended their car, did not stop, and left scene of accident; victims had to chase Appellant through residential neighborhood to get Appellant's information; Officer Kozuch testified about his observations during accident investigation, attempts to locate Appellant, attempt to arrest Appellant, and Appellant's resistance to arrest; court also considered testimony of defense expert witness Dr. Mack, who diagnosed Appellant nine months after accident; court determined that Appellant slammed his van into back of victims' truck, drove away from accident scene, led victims on chase through residential neighborhood, abandoned his van, and then fled on foot; court also noted that Appellant gave police three different stories attempting to explain his actions that evening; based on evidence presented at trial, court concluded Appellant might have been intoxicated or he just panicked when he violated Vehicle Code, but he was not dazed or confused on night of incident; thus, Appellant's conviction of accidents involving damage to attended vehicle or property does not shock court's sense of justice, and Appellant's weight of evidence claim has no merit).  Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2016

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

OPTIONAL

COMMONWEALTH OF PENNSYLVANIA    :
    :
    :    **No. CP-09-CR-0002581-2014**
    :
v.    :
    :
    :    **(1122 EDA 2015)**
    :
ERNEST H. PRIOVOLOS    :

## OPINION

Ernest H. Priovolos ("Appellant") appeals from the denial of post-sentence motions entered on March 25, 2015. This Opinion is filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

### I.    FACTUAL and PROCEDURAL HISTORY

At approximately 9:00 P.M. on December 27, 2013, Joseph Cummings was driving his pickup truck west on Bristol Road in the area of Cooper Lane in Warrington Township, Bucks County, Pennsylvania. Cassandra Meyer was in the passenger seat. *N.T. 2/2/15,* pp. 28-29. While Cummings' truck was in motion, a white Ford Windstar minivan struck his vehicle from behind. After being struck by the white minivan, Cummings began to pull his vehicle over to the side of the road. *Id.* at pp. 30-31. However, the white minivan made no effort to stop and instead continued to proceed west on Bristol Road. At this point, Cummings called 911 and followed the white minivan. *Id.* at pp. 31-32. Cummings was able to note the license plate number of the

white minivan and conveyed this information to law enforcement over the telephone. Cummings was also able to view the driver of the minivan. *Id.* at pp. 33, 42, 95.

Cummings continued to follow the white minivan until it made a right onto Stuckert Road. *Id.* at pp. 32-33, 37. While proceeding down Stuckert Road, the minivan drove through a stop sign, and then made a left onto Deer Path Road. The minivan followed Deer Path Road in a circle back to Stuckert Road and then made a right back onto Stuckert Road. *Id.* at p. 32. The minivan then exited Stuckert Road onto a private driveway. From the private driveway, the minivan proceeded to drive over a grassy field to Cooper Lane. *Id.* at p. 37. Eventually, the minivan followed Cooper Lane back to Bristol Road and made a left onto Bristol Road, heading east. *Id.* at pp. 33, 37. At some point, the minivan turned down a one-way street, and Cummings attempted to block the road so that the minivan could not exit. *Id.* at pp. 37-38. However, the minivan drove across another lawn, avoiding Cummings' vehicle, and re-entered Bristol Road heading East. *Id.* at pp. 32, 38. At this point, the minivan turned off its' lights and Cummings lost sight of the minivan. *Id.* at p. 32. During this entire chase, Cummings observed that the minivan had been traveling in excess of the speed limit. *Id.* at p. 42.

Police checked the white minivan's registration with the license plate number offered by Cummings and learned that it was registered to Ernest Priovolos with an address of 2308 Orchard Hill Circle in Warrington Township, Bucks County, Pennsylvania. *Id.* at pp. 31, 56, 95-97. Police respond to this address in order to see if the white minivan returned. Police eventually found the white minivan parked on Orchard Hill Circle. *Id.* at p. 55. Officer Kozuch observed that the driver was not with

2

the vehicle and conducted a detail of the vehicle. *Id.* at p. 56. He noted that there was damage to the front end of the car including the bumper, headlight, grill, hood, and a spider crack on the front windshield. *Id.* at pp. 56-57. He also conducted a vehicle inventory and observed an empty forty-ounce bottle of beer on the passenger side as well as construction and miscellaneous items. *Id.* at p. 57.

Officer Stebner spoke with one Harry Priovolos at 2308 Orchard Hill Circle. *Id.* at pp. 103, 109. In the police officer's presence, Harry Priovolos placed at least one phone call to Appellant and asked him to return home. *Id.* at pp. 103-04, 109. Thereafter, on several occasions, police spotted an individual matching the description of the driver of the white minivan, as provided by Cummings, in the vicinity of 2308 Orchard Hill Road. *Id.* at pp. 55-56, 95-97.

Police finally observed Appellant on foot heading North on Route 611 near a KIA dealership. *Id.* at pp. 64-67. The police asked him to stop and show his hands, but the Appellant did not respond, but merely stood with his hands in his pockets. *Id.* at pp. 67-69. Appellant was not immediately responsive to police requests, and resisted arrest. *Id.* at pp. 69-71. Appellant was eventually placed under arrest. *Id.* at p. 72. At that time the Officers noted that the Appellant had received scrapes to the top left side of his forehead from the pavement while resisting arrest. *Id.* at pp. 72, 74. The Police also asked the Defendant multiple times whether he was injured and needed medical attention, but the Appellant denied any injuries or need for treatment. *Id.* at pp. 72-73, 75.

3

The Appellant provided the Officers with three separate versions of why he was in the area near the KIA dealership. *Id.* at pp. 98-100. Sergeant Stebner observed that the Appellant was coherent as to person, place, and time, and therefore "coherent enough to come up with three different versions of what happened that night and where he came from. *Id.* at pp. 100-01.

A waiver trial was held February 2, 2015. Officer Kozuch testified he was an officer for thirteen years and received training for basic accident investigation, possessed a level two accident investigation certification, and had investigated hundreds of traffic accidents. *Id.* at pp. 59-60, 76-77. Officer Kozuch further testified that, in his opinion, when observing a cracked windshield, it was possible to determine if it was cracked by someone's head or by a deployed airbag. *Id.* at p. 60. The Officer stated that when a head strikes the windshield, there will be a forehead imprint in the windshield and if the person has hair, hair follicles get stuck in the crack. In addition, skin follicles from the forehead also stick to the windshield and lacerations on the forehead also occur. *Id.* at pp. 60-61. Based on Officer Kozuch's experience and observations in this instant situation, he believed that the Appellant's airbag hit the windshield and caused the crack since there was no evidence of a forehead imprint, hair follicles or skin, and observed multiple other cracks in the windshield usually caused by an airbag. *Id.* at pp. 60-61.

Following the Commonwealth's evidence, the defense presented the testimony of Jonathan Mack, Psy.D., who was qualified as an expert in the field of neuropsychology. Dr. Mack testified that he interviewed and tested the Appellant approximately nine

4

months after the accident. *Id.* at pp. 141-42, 161. Dr. Mack diagnosed the Appellant with post-concussion syndrome, mild neurocognitive disorder due to traumatic brain injury, and posttraumatic stress disorder. *Id.* at p. 158. He therefore believed that based on his diagnoses, it was plausible that the Appellant did not respond to the police officers and appeared to resist arrest because "he was dazed and confused due to an immediate concussion in effect." *Id.* at pp. 159-60.

Following trial, Appellant was convicted of one count of Accidents Involving Damage to Attended Vehicle or Property,[1] and six separate summary violations of the vehicle code. On February 2, 2015, Appellant was sentenced to serve five to twelve months incarceration in a state correctional institution on count 1, Accidents Involving Damage to Attended Vehicle or Property and to pay costs on the six summary offenses.

Thereafter, Appellant filed a motion for post-sentence relief on February 11, 2015. In this motion, Appellant sought reconsideration of his sentence and additionally argued that his conviction was against the weight of the evidence. Following a hearing held March 25, 2015, Appellant's post-sentence motions were denied. Appellant timely filed Notice of Appeal to the Superior Court of Pennsylvania.

## II.    STATEMENT OF ERRORS COMPLAINED OF ON APPEAL

On May 7, 2015, in accordance with Pa.R.A.P. 1925(b), Petitioner filed his Concise Statement of Matters Complained of on Appeal, set forth *verbatim* herein:

---

[1] 75 PA. C.S.A. §3743(A).

5

1. Did the trial court err in finding the Appellant guilty of leaving the scene of an accident to attend vehicle when that conviction is against the weight of the evidence presented at trial due to the Appellant's cognitive impairments of Post-Concussion Syndrome, mild neurocognitive brain disorder due to traumatic brain injury, and Post-Traumatic Stress Disorder due to the accident and related evidence that the Appellant did not know or should have known he violated the Vehicle Code?

## III. DISCUSSION

The Appellant argues that his conviction for Accidents Involving Damage to Attended Vehicle or Property was against the weight of the evidence presented at trial due to the Appellant's physical and cognitive impairments. Appellant asserts that due to his Post-Concussion Syndrome, mild neurocognitive brain disorder due to the traumatic brain injury, and Post-Traumatic Stress Disorder, the Appellant did not know or should have known that he violated the Vehicle Code of Pennsylvania.

"The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Champney*, 832 A.2d 403, 444 (Pa. 2003). Therefore, a verdict will only be overturned as against the weight of the evidence "if it is so contrary to the evidence as to shock one's sense of justice." *Champney*, 832 A.2d at 444 (quoting *Commonwealth v. Hawkins*, 701 A.2d 492, 500 (Pa. 1997).

The guilty verdict in this case was entirely in accordance with the weight of the evidence. As set forth previously in this opinion, the victims and the officers who responded to the incident consistently testified regarding the manner in which the events occurred that night. Both victims testified that after their car was rear ended, the white van did not stop, left the scene of the accident, and they chased the Appellant throughout the region to get his information. *N.T. 2/2/15,* pp. 28-53. Officer Kozuch testified regarding his attempts to locate the Appellant, his attempt to arrest the Appellant, his resistance, as well as the Officer's observations regarding the accident investigation. *Id.* at pp. 54-92, 94-108. The Court also considered the testimony presented by the defense from Dr. Mack and his diagnoses of the Appellant nine months after the accident. *Id.* at pp. 128-76.

Under count one, Accidents Involving Damage to Attended Vehicle or Property, a "driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744." 75 PA. C.S.A. §3743(A).

At the conclusion of the trial, the Court stated:

> The evidence is clear that on the night of this incident [the Appellant] slammed [his] minivan into the back of a pickup truck being driven by this young couple. Whether that came about as a result of [the Appellant] being intoxicated or not, I don't know. But [the Appellant's]

7

actions from that point forward were anything but dazed and confused. They may have been somewhat the subject of a degree of panic for a person who had the criminal background that [the Appellant had].

[The Appellant] pulled [his] vehicle out and around, an intentional act, drove away, led these people on a chase through a residential neighborhood in and out of streets where, for all [the Appellant] knew, pedestrians might have been about, cutting across lawns, or fields, in an intentional evasive action, and then ultimately abandoned [his] vehicle near [Appellant's] home and fled.

And while, again, maybe panicked, but in no means a confused state, maybe to some extent intoxicated, [the Appellant] made several attempts to return to [his] home.

I know this area. All these actions occurred within a relatively short distance of where [the Appellant] was trying to get back to.

Then when ultimately cornered by the police, [the Appellant] made up three separate stories attempting to explain why [he was] there, rather than simply keeping [his] mouth shut or being honest. Either would have been more beneficial.

*N.T. 2/2/2015,* pp. 185-86.

Here, clearly, it was not against the weight of evidence for the Court to conclude that the Appellant was involved in an accident causing damage to another vehicle, fled the area never returning to the scene to comply with the requirements of the vehicle code. Therefore, the Court properly considered all testimony presented and the weight of the evidence is such that the Court could easily determine that the Appellant was guilty beyond a reasonable doubt and not shock one's sense of justice.

8

## IV. CONCLUSION

For the foregoing reasons, we find Appellant's claim to be without merit.

BY THE COURT:

_____
JEFFREY L. FINLEY, P.J.

DATE: 9.21.15

9

Copies sent to:

David W. Heckler, District Attorney
District Attorney's Office
100 North Main Street
Doylestown, PA 18901
*For the Commonwealth*

Bradley H. Bastedo Esquire
Public Defender's Office
100 North Main Street
Doylestown, PA 18901
*For the Defendant*